

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-660

| | |
|---|---|
| | **Opinion Delivered** February 19, 2014 |
| GINGER LYNN SAMPLEY, now BLACKWELL | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. DR-2002-291] |
| APPELLANT | |
| V. | HONORABLE MICHAEL MEDLOCK, JUDGE |
| JAMIE RAY SAMPLEY | |
| APPELLEE | AFFIRMED |

### RHONDA K. WOOD, Judge

Appellant Ginger Sampley Blackwell and appellee Jamie Sampley divorced. Since 2008, Jamie has had custody of the parties' now twelve-year-old daughter. Ginger challenges the circuit court's April 13, 2013 order denying her motion to modify visitation and motion to modify custody and support. We affirm the circuit court.

In 2010, Ginger filed several motions seeking, among other things, to modify visitation, custody, and child support. On July 10, 2012, the circuit court entered an agreed order that left custody with Jamie and modified Ginger's visitation schedule. The following month, Ginger filed another motion to modify child custody, citing circumstances occurring before the July 10, 2012 order that she alleged amounted to a material change in circumstance warranting a change in custody to her.



A hearing was held on Ginger's motion on April 1, 2013. At the beginning of the hearing, Jamie's attorney made an oral motion to restrict testimony to evidence that had occurred since the July 2012 order. Ginger did not object, and the circuit court granted the motion. At the conclusion of the hearing, the circuit court found Ginger failed to present proof of a material change of circumstances. The court also stated that the parties should have litigated the evidence presented at the hearing back in July 2012 when instead, the parties indicated to the court they reached an agreement which resulted in the agreed order. The court denied Ginger's motion for change of custody and awarded attorney's fees to Jamie.

We review child-custody cases de novo, but we will not reverse a circuit court's findings unless they are clearly erroneous. *Taylor v. Taylor*, 353 Ark. 69, 110 S.W.3d 731 (2003). Because the question of whether the circuit court's findings are clearly erroneous turns largely on the credibility of the witnesses, we give special deference to the superior position of the trial judge to evaluate the witnesses, their testimony, and the child's best interest. *Sharp v. Keeler*, 99 Ark. App. 42, 256 S.W.3d 528 (2007).

First, Ginger contends on appeal that the circuit court erred by failing to find a material change in circumstances. The record reflects that the judge heard testimony from both parties as well as their witnesses. Ginger's alleged change of circumstances included a purported strained relationship between the minor child and her step-mother and the fact that the minor child, age twelve, was sometimes left at home alone after school for short periods of time. Our court has repeatedly held that in order to make changes to custody or visitation, the party seeking modification must first demonstrate that a material change in

circumstances affecting the best interest of the child has occurred. *Byrd v. Vanderpool*, 104 Ark. App. 239, 290 S.W.3d 610 (2009). Following evidence on these issues, the court found that a material change had not occurred. The court admittedly was frustrated that the appellant filed her motion only one month after entry of the agreed order. Based on the court being in the best position to assess credibility and weigh the evidence, we hold that the court's finding was not clearly erroneous.

Next, Ginger contends that the circuit court erroneously failed to consider relevant evidence supporting a modification in custody. The court limited testimony to incidents occurring after the previous hearing and agreed order. In its ruling from the bench, the circuit court stated that all of Ginger's allegations against Jamie could have been litigated at the July 2012 hearing and that her proof did not rise to the level of a material change in circumstance. Our supreme court has held that when circumstances affecting the best interests of the child were not presented to the trial judge at the time the original custody order was entered, they can be considered in determining whether a material change of circumstances has occurred. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). This is not the case, however, when the parties were aware of the circumstances and entered into an agreement that is approved by the court. *Orantes v. Orantes*, 2011 Ark. 159, 381 S.W.3d 758. Here, as evidenced by her pleadings, Ginger knew of the incidents prior to the July 2012 agreed order. It thus was not an error for the court to exclude this evidence.

Finally, the court awarded attorney's fees to Jamie following the May 2013 hearing, and Ginger contends on appeal that if we reverse the circuit court's other ruling, we

3

SLIP OPINION

should also reverse the award of attorney's fees to Jamie. Because we are affirming the circuit court on all other points, we also affirm the award of fees.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Milligan Law Offices*, by: *Phillip J. Milligan*, for appellant.

*Shannon Foster*, for appellee.